**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2392**

STEPHAN J. ROSS,

             Petitioner,

        v.

LORETTA E. LYNCH, Attorney General; JEH JOHNSON, U.S.
Department of Homeland Security; IMMIGRATION AND CUSTOMS
ENFORCEMENT, (ICE),

             Respondents.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: August 30, 2016        Decided: September 14, 2016

Before NIEMEYER, FLOYD, and THACKER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Marc Seguinót, SEGUINÓT & ASSOCIATES, PC, Fairfax, Virginia, for
Petitioner.    Benjamin C. Mizer, Principal Deputy Assistant
Attorney General, Cindy S. Ferrier, Assistant Director, Joseph A.
O'Connell, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephan J. Ross, a native and citizen of the United Kingdom, seeks review of an Order of Removal issued on October 16, 2015, by the Department of Homeland Security. Ross was removed without the benefit of a hearing on the basis that he entered the United States under the Visa Waiver Program, see 8 U.S.C. § 1187 (2012), and waived his right to contest removal under the terms of that program.

On appeal, Ross argues that the Government has produced no evidence indicating that he explicitly waived his right to a hearing before an immigration judge. Absent any evidence of a waiver, he claims that the Government violated his right to due process of law when it removed him from the United States without affording him a hearing.

To succeed on a procedural due process claim, Ross must demonstrate "(1) that a defect in the proceeding rendered it fundamentally unfair and (2) that the defect prejudiced the outcome of the case." Anim v. Mukasey, 535 F.3d 243, 256 (4th Cir. 2008); accord Rusu v. INS, 296 F.3d 316, 320-22 (4th Cir. 2002). Focusing on the second prong, a reviewing court may find prejudice only "when the rights of an alien have been transgressed in such a way as is likely to impact the results of the proceedings." Rusu, 296 F.3d at 320 (alterations omitted); accord Ilunga v. Holder, 777 F.3d 199, 208 (4th Cir. 2015).

2

Even assuming, without deciding, that Ross did not waive his right to contest his removability before an immigration judge, he cannot demonstrate the requisite prejudice required to establish a due process claim. To the extent that Ross argues that he was not advised of the waiver and implies that knowledge of the waiver could have changed the outcome of his case, this argument is without merit. See Bayo v. Napolitano, 593 F.3d 495, 506 (7th Cir. 2010) (en banc) (noting that, faced with knowledge of the waiver, the alien would have had two options, either of which would have led to summary removal from the United States). Moreover, Ross cannot demonstrate that he was prejudiced by his inability to obtain judicial review of the denials of his applications for adjustment of status. He is statutorily ineligible for adjustment of status as his conviction for possession of methamphetamine renders him inadmissible to the United States. See 8 U.S.C. § 1182(a)(2)(A)(i)(II) (2012).

We therefore deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

3